# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

WILLIAM FRANQUI,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

Civil Case No. 8:24-cv-914-TPB-AEP
Crim. Case No. 8:20-cr-255-TPB-AEP

## O R D E R

William Franqui moves under 28 U.S.C. § 2255 to vacate his conviction for conspiracy to distribute and possess with intent to distribute heroin and fentanyl, for which he serves 168 months. (Civ. Doc. 1; Crim. Doc. 259) Franqui raises two grounds for relief: (1) that trial counsel was ineffective for not appealing, and (2) that his sentence should be reduced because his prior state convictions were expunged. (Civ. Doc. 1 at 4–5 and 14–16) Franqui moves the Court to grant his § 2255 motion to allow him an out-of-time appeal. (*Id*. at 12)

The failure to file a requested notice of appeal is *per se* ineffective assistance of counsel, regardless of whether the appeal would have had merit. *Roe v. Flores-Ortega*, 528 U.S. 470, 483–86 (2000). However, "a defendant who explicitly tells his attorney not to file an appeal . . . cannot later

complain that, by following his instructions, his counsel performed deficiently." *Id.* at 477.

The United States "concedes that an evidentiary hearing would be necessary for this Court to make a credibility determination as to whether Franqui either expressly directed his counsel to appeal, or reasonably demonstrated an interest in appealing such that he would have appealed given adequate consultation." (Civ. Doc. 3 at 2) Therefore, the United States "submits that the interest of judicial economy would be best served by this Court granting the motion to vacate, but only to the extent that Franqui would be afforded an out-of-time appeal pursued by appointed counsel." (*Id.* at 4)

*United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000), instructs that, if an out-of-time appeal is the remedy warranted in a § 2255 proceeding, that remedy should be granted as follows: "(1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that reimposed sentence is [fourteen] days, which is dictated by Rule 4(b)(1)(A)(i)."

Accordingly, Franqui's § 2255 motion (Civ. Doc. 1) to vacate, set aside, or correct his sentence is **GRANTED IN PART** as to the claim in Ground One that trial counsel was ineffective for not appealing. Franqui's remaining claim in Ground Two that his sentence should be reduced because his prior state convictions were expunged is **DISMISSED WITHOUT PREJUDICE**. *See McIver v. United States*, 307 F.3d 1327, 1331 n.2 (11th Cir. 2002) ("[T]he best approach is to dismiss without prejudice or hold in abeyance the resolution of remaining collateral claims pending the direct appeal.").

The Clerk is directed to (1) enter a judgment in this civil action for Franqui on Ground One, (2) file a copy of this order in the criminal action, and (3) **CLOSE** this case. This action is **REFERRED** to the United States Magistrate Judge to appoint counsel in the criminal action under the Criminal Justice Act for the purpose of appealing. The Court will enter an order in the criminal action vacating the judgment and will enter a new judgment with an identical sentence. All further proceedings will occur in the criminal action.

**DONE AND ORDERED** in Tampa, Florida, this 29th day of May, 2024.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**